## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

MINH DUY DU,                          )
                                      )
      Petitioner,               )     Case No. 7:21CV00349
                                      )
v.                                    )     **OPINION**
                                      )
DIRECTOR OF VIRGINIA                  )     JUDGE JAMES P. JONES
CORRECTIONAL,                         )
                                      )
      Respondent.               )

    *Minh Duy Du, Pro Se Petitioner; Virginia B. Theisen, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

    Petitioner Minh Duy Du, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2014 state convictions for aggravated malicious wounding, malicious wounding, and statutory rape, for which he was sentenced to life imprisonment plus 30 years, with all but 50 years suspended, conditioned on lifetime probation and no contact with any of the victims.  Respondent has filed a Motion to Dismiss, to which Du has responded.  Upon review of the record, transcripts, and pleadings, I find that the Petition is time-barred, and I will grant the Respondent's Motion to Dismiss on that ground.

I.  PROCEDURAL BACKGROUND.

On August 26, 2014, Du pled guilty to statutory rape, aggravated malicious wounding, and one count of malicious wounding, reduced from an Indictment charging a second aggravated malicious wounding.  A Vietnamese interpreter was present and translating throughout the guilty plea hearing.  Guilty Plea Tr. 5, Aug. 26, 2014, ECF No. 10-10.  Because of the disturbing nature of the case,[1] the prosecutor introduced a written summary of facts supporting the plea, rather than reading it in open court, along with twelve exhibits, including a video from the family's home surveillance system, a DNA certificate of analysis, and correspondence from Du begging his family not to come to court and testify against him.  Du's attorney stated that he had reviewed the stipulation of facts with Du, and there were no objections, additions, or corrections.  *Id.* at 12–14.

Following consideration of the Presentence Investigation Report and victim impact statements, the court sentenced Du to life imprisonment for aggravated malicious wounding, suspending all but 30 years, 20 years for malicious wounding, with 10 of those years suspended, and 10 years for statutory rape.  The court imposed lifetime probation upon Du's release from incarceration, and a condition of his probation was that he have no contact with any of the victims.   Sent'g Tr. 31–32,

---

[1] Because the Petition is resolved on procedural grounds, I will not go into the details of the underlying offenses, which are discussed in the decision from the Supreme Court of Virginia.

Oct. 28, 2014, ECF No. 10-10. The prosecutor advised the court that Du's stepmother did not wish for a condition prohibiting contact with her, but the trial court nonetheless found that condition appropriate. *Id.* at 32. The trial court sentenced Du on October 28, 2014.

Du appealed the sentence, alleging that the trial court abused its discretion by imposing probation for life and prohibiting contact with his stepmother. The court of appeals denied his appeal. *Du v. Commonwealth*, No. 2040-14-3 (Va. Ct. App. June 11, 2015). The Supreme Court of Virginia granted his petition for appeal but ultimately affirmed. *Du v. Commonwealth*, 790 S.E.2d 493 (Va. 2016). Du did not petition the United States Supreme Court for a writ of certiorari.

On August 31, 2017, Du signed a state habeas petition and placed it in the mail to the state trial court, where it was filed on September 18, 2017. In that petition, he alleged that trial counsel had been ineffective for failing to advise him of the immigration consequences of his guilty plea and in particular, that once he was deported, he would not be eligible for re-entry, as well as for failing to advise him that he could have presented a victim impact statement before sentencing. He also alleged that the trial court abused its discretion in fashioning the sentence it imposed. The court found neither deficient performance nor prejudice on either claim of ineffective assistance of counsel. Further, the final claim had been raised and decided on direct appeal. The state trial court dismissed the petition on

December 8, 2017.  Du failed to properly perfect his appeal to the Supreme Court of Virginia.

Instead of filing a timely appeal, on January 18, 2018, Du signed a new habeas petition directed to the Supreme Court of Virginia, and received by the court on January 26, 2018.  The court dismissed the petition on the grounds that it was untimely and successive.  *Du v. Clarke*, No. 180399 (Va. June 15, 2018).

Du then filed a motion seeking to vacate the judgment in the state trial court on November 26, 2018.  At that time, he alleged that he was denied a translator during police interrogation, did not understand his legal rights, gave a coerced confession, and was not provided his right to consular notification as required by the Vienna Convention.  This was the first time that these claims had been raised, except that he raised the Vienna Convention claim in his untimely and successive petition to the Supreme Court of Virginia in January 2018.  The trail court denied the motion to vacate on jurisdictional grounds on June 3, 2019.  His appeal from that ruling was denied as untimely.  *Du v. Va. Dep't Corr.*, No. 191037 (Va. Feb. 11, 2020).

On March 18, 2020, Du mailed correspondence to this court that was construed and conditionally filed as a petition under § 2254.  In the conditional filing order, the court advised Du that the petition appeared to be untimely.  *Du v. Virginia Dep't of Corr.*, No. 7:20CV00178, Conditional Filing Order (W.D. Va. April 6,

2020). Du subsequently moved to withdraw that petition, which motion was granted on April 27, 2020.

Then, Du filed yet another state habeas petition in the Supreme Court of Virginia on July 6, 2020, raising the claims he had tried to bring before the state trial court in his November 2018 motion to vacate. The court dismissed the petition for untimeliness. *Du v. Director,* No. 200877 (Va. Dec. 3, 2020).

On May 28, 2021, Du filed the present Petition in this court, raising the following issues: (1) That his confession had been coerced because he had not understood the rights form presented and had no translator present during the police interview; and (2) That he had been interrogated without counsel and was never advised of his right to consular notification.

## II. ANALYSIS.

The statute of limitations for filing a habeas petition under § 2254 is one year. That year runs from the latest of the following:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Further, the statute of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).

Du readily admits that his current petition was filed more then one year after the expiration of his right to appeal to the Supreme Court of Virginia.  However, he alleges that this Petition is based upon new evidence, and that his attempts to exhaust the claims in the state trial court and in the Supreme Court of Virginia tolled the statute of limitations.  Du's argument misunderstands the meaning of new evidence and of the tolling provisions.

### A.   Du's Claims are not Based on a Newly Discovered Factual Predicate.

Under § 2244(d)(1)(D), the federal statute of limitations for a habeas claim can begin on the date that a petitioner knew or could have known the factual predicate for the claim (if that date is later than the end of his direct appeals).  Du asserts that he knew of the factual predicate when he filed his motion to vacate in the state trial court on November 26, 2018, and that the federal statute of limitations began to run that date.  He explains at length that he exercised due diligence to learn

English and about the law so that he could discover his new evidence.  Pet.'s Br. Opp. Mot. to Dismiss, ECF No. 16, at 8. However, what he discovered is case law supporting an argument based on facts that he already knew.  He knew on the date that he was interrogated by police that he did not have a translator and that he did not have an attorney.  Those facts are the predicate for his legal claims of coerced confession and violated right to an attorney.  The legal arguments he now makes may not have been known to him earlier, but the factual predicate obviously was.

Du's position is like that of the petitioner in *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000).  The court characterized petitioner's argument as "the year to file a federal petition begins when a prisoner *actually understands* what legal theories are available."  *Id.* at 359.  The court noted that the statute requires discovery of the claim's factual basis, "not recognition of the facts' legal significance."  *Id.*  Citing *Owens* favorably, the Fourth Circuit Court of Appeals follows the same interpretation.  *United States v. Nunez-Garcia*, 31 F.4th 861, 866 (4th Cir. 2022).

Because Du knew that he was questioned without an interpreter and without an attorney on the day of his arrest, the factual basis for his claims was known to him long before November 2018, and the statute of limitations had expired before he filed the motion to vacate in the circuit court.

### B. *The Statute of Limitations was not Tolled by Procedurally Dismissed State Post-Conviction Litigation.*

Even if Du had discovered the facts supporting his claim in November 2018, his Petition is untimely because his 2020 state habeas petition did not toll the federal statute of limitations. The 2020 state petition was untimely under Virginia law, which requires petitions to be filed within the later of two years after the final judgment in the trial court or one year from final disposition of the direct appeal or expiration of the time for filing such appeal. Va. Code Ann. § 8.01-654(A)(2). Unlike the federal statute, Virginia's statute of limitations does not make an exception for newly discovered evidence. *Brown v. Booker*, 826 S.E.2d 304, 305 and 307 (Va. 2019). All cases cited by Du in support of his newly discovered evidence were federal cases discussing federal procedure, not Virginia law. Any new state habeas petition filed after December 21, 2017, was untimely under Virginia law, including the petition he filed in the Supreme Court of Virginia on January 23, 2019, and the petition he filed in the Supreme Court of Virginia in 2020.

When a state postconviction petition is untimely under state law, it is not properly filed and does not toll the federal statute of limitations under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005). The motion to vacate filed in the state trial court did not toll the statute of limitations either, because that did not have jurisdiction over the case more than 21 days after entry of the final order, except for a claim of jurisdictional defect or extrinsic fraud. Va. Code Ann.

§ 8.01-428(D); *Jones v. Commonwealth*, 795 S.E.2d 705, 719 (Va. 2017). Thus, even if Du had discovered the factual predicate on November 26, 2018, the last date for timely filing a federal habeas petition was November 26, 2019.

C. *Equitable Tolling Does Not Apply*.

A petitioner may be entitled to file a federal habeas petition outside the time limit under the doctrine of equitable tolling, but only if he shows both that he has been pursuing his rights diligently and that some extraordinary circumstance beyond the petitioner's control prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Because Du has not established such an extraordinary circumstance that prevented his timely filing, he is not entitled to equitable tolling, which makes consideration of diligent pursuit of his rights unnecessary. Even though an unrepresented prisoner lacks knowledge of the law, that is not an extraordinary circumstance. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Further, even if a petitioner has a lawyer who makes a mistake in calculating the filing deadline, that is not an extraordinary circumstance. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Delayed access to legal materials and restricted access to the law library do not constitute extraordinary circumstances. *Id.* at 331.

The other frequent theme in Du's argument is his lack of proficiency in the English language. In the first reported federal appellate opinion addressing the issue, the Sixth Circuit Court of Appeals held that:

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Other courts have since reached the same conclusion. *See, e.g.,United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); . The Fourth Circuit, citing *Cobas*, has also rejected lack of proficiency in English as a basis for equitable tolling. *Sosa*, 364 F.3d at 512–13. Just as in *Sosa* and *Cobas*, Du has filed many pleadings in the state court and in this court, written in English, that "foreclose any serious contention that . . . lack of English proficiency would justify equitable tolling. *Id*. at 513.

### III. CONCLUSION.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner based on the law or that the issues presented were sufficiently weighty to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the

context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler,* 565 U.S. 134, 140–41 (2012).

I decline to issue a certificate of appealability because Du has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

For the reasons stated, Du's petition is untimely, and I will grant the respondent's Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED:  August 5, 2022

/s/ JAMES P. JONES
Senior United States District Judge